## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| CARLOTTA BLOUNT-CUMMINS<br><br>*Plaintiff*,<br><br>v.<br><br>GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC.<br><br>*Defendant.* | Case No. 1:10-cv-01091-CAP-CCH |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE

Defendant General Dynamics Information Technology, Inc. ("GDIT") by counsel, hereby submits this Memorandum of Law in support of its Motion to Dismiss, or in the Alternative, Motion to Transfer Venue and states as follows:

### I. INTRODUCTION

Plaintiff Carlotta Blount-Cummins ("Plaintiff") filed the current lawsuit against GDIT, her former employer, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981"). As demonstrated below, the case must be transferred as the Northern District of Georgia is not the proper venue pursuant to Title VII's venue-selection rules codified at 42 U.S.C. § 2005e-5(f)(3). Under this well-settled area of law, the proper venue is the Eastern District of Virginia not only because GDIT's principal place of business is in Fairfax, Virginia, but also because: (1) the alleged employment discrimination did not take place in Georgia; (2) Plaintiff's employment

records are maintained and administered in Virginia; (3) Plaintiff was assigned to GDIT's Alexandria, Virginia office as her GDIT office of record and it was that office that sent her on temporary assignment to Afghanistan and (4) Plaintiff never worked for GDIT in Georgia, regardless of the claimed discriminatory conduct.

Furthermore, this Court should not bear the burden of hearing a case that has no connection to the State of Georgia other than Plaintiff's residence, especially when a more convenient forum is available in Virginia. Accordingly, if Plaintiff's Complaint is not dismissed, the instant matter should be transferred to the Eastern District of Virginia based upon the relevant private and public considerations under 28 U.S.C. § 1404(a).

## II. FACTUAL BACKGROUND

GDIT provides information technology, systems engineering, professional services and simulation and training to customers in the defense, intelligence, homeland security, health, federal civilian government, state and local government and commercial sectors. See Declaration of Ann Mac Cox ("Cox Decl.") ¶ 5, attached as Exhibit ("Ex.") 1. GDIT is a Virginia corporation with its principal place of business located at 3211 Jermantown Road in Fairfax, Virginia.[1] See id. ¶ 6.

Plaintiff, an African-American female, worked for GDIT beginning in December 2005 as a Network Engineer. See Compl. ¶¶ 3, 8; EEOC Charge of Discrimination, attached as Ex. A to Compl. 1. During her tenure with GDIT, GDIT's Alexandria, Virginia office was Plaintiff's office of record, and it was from that office that Plaintiff was sent on temporary assignment to work at the Kandahar Airfield in Afghanistan. See Cox Decl. ¶ 7; Compl. ¶¶ 5, 9. Plaintiff

---

[1] Fairfax, Virginia is located within the jurisdiction of the Eastern District of Virginia.

alleges that over the course of her employment with GDIT she was treated differently because of her race and gender. See Compl. ¶ 2. Specifically, Plaintiff alleges that while she was performing her duties in Afghanistan she was subjected to discriminatory practices and retaliated against after complaining of her alleged disparate treatment. See id. ¶¶ 9-31.

GDIT maintains the personnel file relating to Plaintiff's employment with GDIT at its headquarters in Fairfax, Virginia and no documents relating to her employment are maintained in Georgia. See Cox Decl. ¶ 7. At no time during Plaintiff's employment with GDIT did she work in Georgia and there is no record of her having applied for any position located in Georgia. See id. ¶ 8. In fact, Plaintiff never performed any job duties in Georgia, and no decisions or communications regarding her employment with GDIT took place in Georgia. See id.

### III.   ARGUMENT

#### A.   Venue Is Improper In the Eastern District of Virginia.

##### 1.   Standard of Review.

Rule 12(b)(3) of the Federal Rules of Civil Procedure ("Rule 12(b)(3)") provides for dismissal of claims based upon improper venue. See Fed. R. Civ. Pro. 12(b)(3). When ruling on a motion to dismiss for improper venue under Rule 12(b)(3), the Court "must accept as true a plaintiff's well-pled allegations and draw all reasonable inferences from those allegations in the plaintiff's favor, although the court need not accept a plaintiff's alleged legal conclusions as true." Wilson v. Jordan Auto's, No. 1:08-cv-3778-JFK, 2009 U.S. Dist. LEXIS 20581, at * 6 (N.D. Ga. March 16, 2009) (citing Darby v. United States Dep't of Energy, 231 F. Supp. 2d 274, 276–77 (D.D.C. 2002)).[2] Further, a defendant prevails on a motion to dismiss for improper

---

[2]   All unpublished cases are attached alphabetically as Ex. 2.

venue by presenting "specific facts that defeat a plaintiff's assertion of venue." Id. (citing Darby, 231 F. Supp. 2d at 277). Importantly, the court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue or subject matter jurisdiction. See Thomas v. Rehabilitation Servs. of Columbus, 45 F. Supp. 2d 1375, 1377 (M.D. Ga. 1999).

### 2. *Plaintiff's Choice of Venue Violates Title VII's Mandatory Venue Provisions.*

Claims brought under Title VII are strictly governed by the venue provisions of 42 U.S.C. § 2005e-5(f)(3) rather than the general venue statute, 28 U.S.C. § 1391. See Pinson v. Rumsfeld, 192 Fed. Appx. 811, 817 (11th Cir. 2006) (holding that "the venue provisions of Section 20003-5(f)(3) were intended to be the exclusive venue provision for Title VII employment discrimination actions" because the more general provisions of Section 1391 are not controlling in such cases) (citing Stebbins v. State Farm Mut. Auto. Ins. Co., 413 F.2d 1100, 1102-03 (D.C. Cir. 1969)) (emphasis added); see also Kravec v. Chicago Pneumatic Tool Co., 579 F. Supp. 619, 623 (N.D. Ga. 1983). Thus, the general venue provisions in 28 U.S.C. § 1391 and 28 U.S.C. § 1402 do not govern the present case. Specifically, Section 2000e-5(f)(3) provides that:

> an action may be brought [1] in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. But if the respondent is not found within any such district, an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2005e-5(f)(3). As outlined below, application of Section 2005e-5(f)(3) to the facts of this case demonstrates that the proper venue for this action is the United States District Court for the Eastern District of Virginia, not the Northern District of Georgia.

First, Plaintiff's choice of venue is improper under Section 2000-e5(f)(3) as the alleged discrimination did not occur in Georgia. The crux of Plaintiff's Complaint involves her Title VII claim stemming from GDIT's alleged disparate treatment of Plaintiff based upon her race and gender, and purported retaliatory actions after Plaintiff reported the claimed differential treatment. Importantly, none of the operative facts in the instant matter occurred in Georgia. All of the alleged discriminatory and retaliatory acts contained in Plaintiff's Complaint took place at the Kandahar Airfield in Afghanistan. See Compl. ¶¶ 9-31. In fact, nowhere in Plaintiff's Complaint does she allege any contacts or activities – discriminatory or otherwise – that took place while she was in Georgia. At no time during Plaintiff's employment with GDIT did she work in Georgia and there is no record of her having applied for any position located in Georgia. See Cox Decl. ¶ 8. Thus, venue in this Court is improper under Title VII's first venue-selecting criteria.

Plaintiff's venue selection fares no better under Title VII's second venue-selecting criteria which allows Title VII claims to be brought where the employee's files are maintained and administered. See 42 U.S.C. § 2005e-5(f)(3). It is beyond dispute that no documents relevant to Plaintiff's employment are maintained in Georgia. See Cox Decl. ¶ 7. GDIT maintains and administers Plaintiff's employment records in its Fairfax, Virginia headquarters. See id. Moreover, during her tenure with GDIT, Plaintiff was assigned to GDIT's Alexandria, Virginia office as her GDIT office of record, and it was from that office that she was sent on temporary assignment to Afghanistan. See id. Hence, the Northern District of Georgia is clearly an improper venue under Title VII's second venue-selecting category. Instead, this provision establishes the Eastern District of Virginia as the proper venue.

The third venue-selecting criteria under Section 2005e-5(f)(3) allows a plaintiff to bring a claim in the venue where she would have worked absent the alleged discrimination. The Northern District of Georgia is improper under this provision as well. All of the alleged discriminatory conduct averred in the Complaint occurred while Plaintiff worked at the Kandahar Airfield in Afghanistan. See Compl. ¶¶ 9-31. At no time during Plaintiff's employment with GDIT did she work in Georgia and there is no record of her having applied for any position located in Georgia. See Cox Decl. ¶ 8. In fact, there is no record of Plaintiff ever performing any job duties in Georgia. See id. As there are no facts from which this Court could infer that Plaintiff would have worked within the jurisdiction of the Northern District of Georgia, venue in the Northern District of Georgia is improper under Title VII's third venue-selecting category.

Therefore, applying the first three mandatory venue provisions of Section 2005e-5(f)(3), it is abundantly clear that this Court is not the proper venue for Plaintiff's Title VII claims in this case. The only proper venue under 42 U.S.C. § 2005e-5(f)(3) is the Eastern District of Virginia due to the fact that Plaintiff's employment records are maintained and administered at GDIT's Fairfax, Virginia headquarters. See Pinson v. Rumsfeld, 192 Fed. Appx. 811, 817 (11th Cir. 2006) (affirming district court's dismissal of plaintiff's claims brought under Title VII where plaintiff failed to introduce any evidence bringing the forum within Title VII's venue-selecting categories). Moreover, the Eastern District of Virginia is also proper under Section 2005e-5(f)(3)'s fourth venue-selecting category – the judicial district where the respondent's principal office is located – since GDIT's principal place of business is in Fairfax, Virginia. See Cox Decl. ¶ 6.

### 3. *Dismissal, Not Transfer, Is the Appropriate Remedy for Improper Venue.*

When venue is improper, the Court "shall dismiss" the case, or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). While transfer of cases that are improperly brought is often appropriate, this is not such a case. Dismissal is appropriate here because Plaintiff's choice of forum is unreasonable. See Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant., 760 F.2d 312, 317 (D.C. Cir. 1985) (finding that the forum unreasonable when it was chosen solely to suit the plaintiff's own convenience).

It appears that this case was filed in the Northern District of Georgia solely for the convenience of Plaintiff and her counsel. As GDIT demonstrated above, not one single event occurred in the Northern District of Georgia and not one single defense witness can be found here. Under similar circumstances, the United States Court of Appeals for the District of Columbia Circuit affirmed the dismissal of a case because the plaintiff chose the District of Columbia "simply to suit its own convenience." Noxell Corp., 760 F.2d at 317. In Noxell, the court chastised the plaintiff for attempting to lay venue in the District of Columbia in a trademark case in which 40% of the defendant's sales were in the Northern District of California, but less than 1.5% were in the District of Columbia. Id. The court concluded that the forum selected was "barely plausible." The same is true here and Plaintiff's Complaint should be dismissed pursuant to Section 1406(a).

### B. Even if Venue Were Proper, This Case Should Be Transferred For Convenience and the Interests Of Justice.

#### 1. *Standard of Review.*

A court may transfer any civil action to any other district or division where it might have been brought for the convenience of parties and witnesses or in the interest of justice. See 28 U.S.C. § 1404(a). Transfer under Section 1404(a) is within the sound discretion of the court "to adjudicate motions to transfer according to individualized, case-by-case consideration of convenience and fairness." Thomas v. Rehabilitation Servs. of Columbus, 45 F. Supp. 2d 1375, 1378 (M.D. Ga. 1999) (internal citations and quotations omitted). The party seeking transfer bears the burden of establishing that the transfer of the action is proper. See Hoffman v. Medquist, Inc., 1:04-cv-3452-WSD, 2005 U.S. Dist. LEXIS 29995, at *6 (N.D. Ga. Nov. 16, 2005).

The Eleventh Circuit has identified multiple Section 1404(a) factors for courts to consider, including:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

See Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n. 1 (11th Cir. 2005). Transfer of the instant matter is appropriate pursuant to Section 1404(a) because, as demonstrated below, the private and public factors considered by the courts strongly favor transfer to Virginia.

### 2.   *Private Factors Favor Transfer Of This Case To Virginia.*

The private interest factors considered by the courts – the plaintiff's choice of forum, the defendant's choice of forum, the location of operative events, the convenience of the parties, the location of the parties' witnesses, and the ease of access to sources of proof – weigh heavily in

favor of transfer to Virginia. See Eagle N. Am., Inc. v. Tronox, LLC, No. 407-cv-131, 2008 U.S. Dist. LEXIS 35099, at *9 (S.D. Ga. April 29, 2008).

Plaintiff's choice of forum should be given less deference primarily because none of the operative facts in the Complaint occurred in the Northern District of Georgia. See Lasher v. Day & Zimmerman Int'l, Inc., 1:05-CV-02643-MHS, 2006 U.S. Dist. LEXIS 34949, at *15 (N.D. Ga. May 30, 2006). To the extent that any operative facts occurred in the United States, they occurred in Virginia: the corporate headquarters and principal place of business of GDIT; the location where Plaintiff's employment records are maintained; and the location of Plaintiff's assigned GDIT office. See Cox Decl. ¶¶ 6-7.

Additionally, it is more convenient to litigate this action in Virginia because not a single GDIT witness named in the Complaint can be found in the Northern District of Georgia. See Cox Decl. ¶ 9. Most of the program management and human resources personnel who are potential witnesses live and work in Virginia. See id. Of the GDIT employees explicitly named in Plaintiff's Complaint, four of the six are assigned to GDIT's Alexandria, Virginia office, although they are currently on assignments to international locations (James Deville and George White are temporarily assigned to military installations in Afghanistan; Peter Kim is temporarily assigned to a military installation in Germany; and Barbara Washington is temporarily assigned to a military installation in Pakistan). See id. Further, Charlie Valentini is located in Linthicum, Maryland. See Boyce v. AT&T, 1:89-CV-2586-MHS, 1990 U.S. Dist. LEXIS 12034, at *10-11 (N.D. Ga. May 2, 1990) (finding that transfer was supported under 1404(a) when the cost to plaintiff if case was transferred would be far less than cost imposed on defendants if case remained in Atlanta).

Furthermore, as noted above, all of Plaintiff's employment records are located in Virginia. See Cox Decl. ¶ 7. Accordingly, the vast majority of documentary and other sources of evidence are located in Virginia and Virginia is clearly the more convenient venue for the key witnesses Plaintiff identified in the Complaint. See Lasher, 2006 U.S. Dist. LEXIS 34949 at *15-16 (transferring case under Section 1404(a) was proper when defense witnesses and documentary evidence were located in another jurisdiction).

Additionally, while there might be some inconvenience to Plaintiff's Georgia based counsel, the location of counsel carries little, if any, weight in an analysis under Section 1404(a). See Agsouth Genetics LLC v. Ga. Farm Servs. LLC, NO. 3:09-CV-93 (CDL) 2009 U.S. Dist. LEXIS 114810, at *10 n. 4 (M.D. Ga. Dec. 9, 2009). In this case, the undisputed fact that the vast majority of the witnesses and the documentary evidence are in Virginia are compelling interests that outweigh any convenience arguments Plaintiff can assert. Thus, the private factors support transfer of the instant matter to the Eastern District of Virginia, Alexandria Division.

### 3.     *The Public Interest Strongly Favors Transfer To Virginia.*

The public interest factors also support transferring this case to Virginia. The public interest considerations include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." Tronox, 2008 U.S. Dist. LEXIS 35099 at *9. As this case is solely a federal question case, Georgia substantive law will have no application. Similarly, there is no local interest implicated as Plaintiff never worked within the forum district, and the alleged discriminatory conduct did not take place within the

Northern District of Georgia. Thus, the primary public factor implicated is the relative caseload conditions between the two courts.

Court docket congestion favors transfer to the Eastern District of Virginia. For the twelve month period ending December 31, 2009, the median time from filing to disposition in the Northern District of Georgia was 11.5 months. See U.S. District Court Judicial Caseload Profiles at 1, attached as Ex. 3. By contrast, the median time for the Eastern District of Virginia was only 5.2 months. See id. at 2. Furthermore, the median disposition time of cases proceeding to trial in this District is 29.4 months, while the median time in the Eastern District of Virginia is 10.2 months, nearly eighteen months less. See id. Accordingly, this factor supports transfer to the Eastern District of Virginia.

Furthermore, transfer will not result in undue delay or require either this Court or the transferee court to duplicate proceedings. Plaintiff's Title VII claim can only be brought in the Eastern District of Virginia pursuant to 42 U.S.C. § 2005e-5(f)(3). In the event that this Court does not dismiss both Plaintiff's Title VII and Section 1981 claims pursuant to Section 1406(a), allowing Plaintiff's Section 1981 claim to proceed within this District would create an unnecessary duplicity in the expenditure of judicial resources as both claims are predicated upon the same facts. Similarly, transferring this case now will cause minimal, if any, disturbance to either Plaintiff or the judicial calendar. Plaintiff's Complaint was served approximately one month ago, and this is the first defensive motion filed by GDIT. As a result, this Court has yet to familiarize itself with the underlying facts of this case, and there is nothing to suggest that the transferee court will be unduly delayed by a transfer this early in the litigation. Accordingly,

transfer to the District Court for the Eastern District of Virginia is both convenient and fair considering the private and public factors under 28 U.S.C. § 1404(a).

## IV. <u>CONCLUSION</u>

For these reasons, Defendant moves this Court to dismiss Plaintiff's Complaint, or in the alternative, transfer the case to the District Court for the Eastern District of Virginia, Alexandria Division. Defendant further requests that this Court award Defendant its legal fees and costs incurred in the defense of this action.

Submitted,

GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC.
By Counsel

_____s/Halima Horton_____
Halima Horton (Ga. Bar No. 367888)
MCGUIREWOODS LLP
1170 Peachtree Street N.E., Suite 2100
Atlanta, GA 30309-7649
404.443.5740 (Direct Line)
404.443.5756 (Direct FAX)
hhorton@mcguirewoods.com

*Counsel for General Dynamics Information Technology, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| CARLOTTA BLOUNT-CUMMINS<br><br>*Plaintiff*,<br><br>v.<br><br>GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC.<br><br>*Defendant*. | Case No. 1:10-cv-01091-CAP-CCH |

**CERTIFICATE OF SERVICE**

I hereby certify that this the 13th day of May, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

> John W. Roper, Esq.
> 5353 Veterans Parkway, Suite A
> Columbus, GA 31904
> (706) 596-5353
> johnropeer@roperlaw.com
>
> *Counsel for Plaintiff*

> _____s/Halima Horton_____
> Halima Horton

\11267045.6