**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| CARLOTTA BLOUNT-CUMMINS<br><br>*Plaintiff*,<br><br>v.<br><br>GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC.<br><br>*Defendant.* | Case No. 1:10-cv-00616-GBL -TCB |

**MEMORANDUM IN SUPPORT OF THE PARTIES' JOINT MOTION TO FILE
AGREED PROTECTIVE ORDER WITH PROSPECTIVE SEALING
PROVISION**

Plaintiff Carlotta Blount-Cummins and Defendant General Dynamics Information Technology, Inc. (collectively, the "Parties"), by counsel, jointly move this Court for the entry of the proposed Agreed Protective Order With Prospective Sealing Provision, which has been endorsed by counsel of record for the Parties.

**I.     ARGUMENT**

**A.     Entry of Protective Order.**

The Parties simultaneously have filed a Joint Motion to Enter Agreed Protective Order and a Proposed Agreed Protective Order executed by the Parties.

Pursuant to the Proposed Order, all documents labeled or designated in good faith as "CONFIDENTIAL" by any Party shall be treated as "Protected Material." The term "Protected Material" may include: all materials which constitute, contain or reveal confidential or sensitive personnel or personal information; information subject to prior confidentiality agreements; trade secrets or other confidential research, development,

1

customer, financial, commercial or other non-public information. If confidential information produced by any third Party is not so designated at the time it is produced, either Party may subsequently designate it as confidential information. Protected Material shall not include any documents, records, or any other information of any type that has previously been disclosed to or filed with any local, state, federal agency, or court of law to whom the Parties are required to report, unless such information has previously been designated in good faith by the Parties as confidential and proprietary business information or has confidential status by operation of law.

Additionally, pursuant to the Proposed Order, "Protected Material" shall be made available only to those individuals in the circumstances set forth in the Order. No other person shall have access to confidential information without the approval of either the Court or the Party asserting that the information is confidential, nor shall any such other person be informed of such "Protected Material" by any person having access to it. Counsel for both Parties agree to maintain a list of the names of all persons to which confidential information is disclosed. Both Parties may exhibit, during depositions, hearings or other trial proceedings, any confidential information. Any witness or deponent may be shown confidential information, provided that in advance of any confidential information being so exhibited to a witness or deponent, the witness or deponent shall be advised of this Order and the obligation to adhere to its terms.

Under Rules 26(c) and 45(c) of the Federal Rules of Civil Procedure, a district court may enter a protective order to prevent disclosure to the public of materials produced in discovery in order to protect the privacy interests of both litigants and non-parties. See generally Seattle Times v. Rhinehart, 467 U.S. 20 (1984). The Court has

"broad discretion" to enter a protective order regulating the public access to such information that is produced by the Parties and non-parties during discovery. Seattle Times v. Rhinehart, 467 U.S. 20 (1984); Davenport v. Wal-Mart Stores East, L.P., No. 3:08-cv-0119-MHL, 2008 WL 3048712, at *1 (E.D. Va. May 12, 2008) ("District courts in this Circuit have rules that entry of a protective order regarding financial and personnel information is appropriate").

Federal courts have denied public access to court records to prevent court files from becoming "sources of business information that might harm a litigant's competitive standing." Nixon v. Warner Comm., Inc., 435 U.S. 589, 598 (1978); In re Knight Publ'g Co., 743 F.2d 231, 235-36 (4th Cir. 1984) (holding that sealing court records is permissible to prevent others from "gaining a business advantage").  Courts also use sealing orders to protected sensitive personal information about individuals contained in business records.  See Bush Development Corp. v. Harbour Place Assoc., 632 F. Supp. 1359, 1364 (E.D. Va. 1986).

The Parties are moving for a protective order because discovery in this case may require the disclosure of certain confidential information of the Parties or current or former employees of the Parties and of persons not parties to this litigation, as well as the disclosure of certain commercial and proprietary information belonging to the Parties. The protective order will ensure the privacy and confidentiality of this information and will protect the Parties and persons from embarrassment and undue burden and expense.

### B.    Prospective Sealing Provision

Moreover, the provisions in the Proposed Order for filing documents under seal satisfy the requirements of controlling case law.  See Ashcraft v. Conoco, Inc., 218 F.3d

288, 302 (4th Cir. 2000); In re Knight Publ'g Co., 743 F.2d 231, 235 (4th Cir. 1984).  A court "must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Conoco, Inc., 218 F.3d at 302. The Parties have satisfied the first requirement of Conoco as the express terms of the Protective Order provide that in the event a Party believes that a document or otherwise Protected Material needs to be filed under seal, the Party must comply with Rule 5 of the Local Rules of the Eastern District of Virginia.  Therefore, whenever a Party files any document under seal with the Court, that Party shall simultaneously file or prior thereto a motion moving the Court to enter an order permitting the document to remain under seal.

Also, there is no less drastic alternative because the Parties have requested the sealing only of confidential documents and only when a Party determines that such protection is warranted.  This request will be limited only to documents and exhibits deemed in good faith to be confidential by the producing party and to motions and supporting memoranda of law citing those confidential materials and deposition testimony.  Further, the request will be "narrowly tailored" and consistent with the Agreed Protective Order.  See Baltimore Sun Co. v. Goetz, 886 F.2d 60, 66 (4th Cir. 1989) (internal citations and quotation omitted).

Finally, the specific reasons supporting the Parties' Joint Motion to Enter Agreed Protective Order are included in paragraph 1(a) of the Agreed Protective Order. For instance, discoverable information in this case may include Plaintiff's personal financial and health related information, Plaintiff's personnel information, and the personnel

4

information of current and former employees of General Dynamics Information Technology, Inc. The Parties further submit that materials to be filed under seal are only those for which public disclosure in Court records would harm a Party's or non-party's privacy or business interest.

## II. Conclusion.

For the foregoing reasons and those that may be raised at a hearing on this matter, the Parties respectfully request that this Court exercise its authority under Rule 26(c) and Rule 45(c) and grant their Joint Motion to Enter Agreed Protective Order, the terms of which shall survive any final disposition of this case.

                                        Submitted By,
                                        CARLOTTA BLOUNT-CUMMINS and
                                        GENERAL DYNAMICS INFORMATION
                                        TECHNOLOGY, INC.
                                        By Counsel

          /s/
Ronda B. Esaw, Esq. (VA Bar No. 38268)
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102
(703) 712-5000 (main)
(703) 712-5050 (main fax)
(703) 712-5392 (direct)
(703) 712-5251 (direct fax)
resaw@mcguirewoods.com
*Counsel For Defendant General Dynamics Information Technology, Inc.*

Melissa L. Taylormoore, Esq. (VA Bar No. 75506)
MCGUIREWOODS LLP
1750 Tysons Boulevard, Suite 1800
McLean, Virginia 22102
(703) 712-5000 (main)
(703) 712-5050 (main fax)
(703) 712-5479 (direct)
(703) 712-5229 (direct fax)
mtaylormoore@mcguirewoods.com
*Counsel For Defendant General Dynamics Information Technology, Inc.*

6

_____/s/_____
John R. Ates (VA Bar No. 71697)
Ates Law Firm, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA  22314
(703) 647-7501 (telephone)
(703) 229-6430 (fax)
j.ates@ateslaw.com
*Counsel for Plaintiff, Carlotta Blount-Cummins*

John William Roper, *pro hac vice*
John W. Roper, Attorney at Law
5353 Veterans Parkway, Suite A
Columbus, GA 31904
(706) 596-5353 (telephone)
(706) 596-5383 (fax)
*Counsel for Plaintiff Carlotta Blount-Cummins*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 29th day of September, 2010, I served the foregoing via First Class Mail to the following:

| | |
|---|---|
| **John R. Ates** | **John William Roper**, pro hac vice |
| Ates Law Firm, P.C. | John W. Roper, Attorney at Law |
| 1800 Diagonal Road | 5353 Veterans Parkway, Suite A |
| Suite 600 | Columbus, GA 31904 |
| Alexandria, VA  22314 | 706-596-5353 |
| 703-647-7501 | Fax: 706-596-5383 |
| Fax: 703-229-6430 | *Counsel for Plaintiff Carlotta Blount-Cummins* |
| j.ates@ateslaw.com | |
| *Counsel for Plaintiff, Carlotta Blount-Cummins* | |

                                                                     /s/
                                         Ronda B. Esaw, Esq. (VA Bar No. 38268)
                                         MCGUIREWOODS LLP
                                         1750 Tysons Boulevard, Suite 1800
                                         McLean, Virginia  22102
                                         (703) 712-5000 (main)
                                         (703) 712-5050 (main fax)
                                         (703) 712-5392 (direct)
                                         (703) 712-5251 (direct fax)
                                         resaw@mcguirewoods.com
                                         *Counsel For Defendant General Dynamics Information Technology, Inc.*

/17839225.1